IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

ERIC WILLIAMS,

    Plaintiff,

v.

KATHY MARTIN,

    Defendant.

CIVIL ACTION NO.: 6:15-cv-32

## **O R D E R**

This matter is before the Court on Defendant Kathy Martin's Motion to Stay Discovery filed on February 11, 2016, (doc. 23), to which Plaintiff filed an objection, (doc. 27). Also before the Court is Plaintiff's Motion for Extension of Time to file a Response to Defendant's Motion to Dismiss. (Doc. 25). After careful consideration, the Court **GRANTS** Defendant's Motion to Stay. Plaintiff's Motion for Extension of Time is also **GRANTED**. Plaintiff's Brief in Opposition to Defendant's Motion to Dismiss filed on March 7, 2016, (doc. 26), is hereby deemed timely filed.[1]

Plaintiff has filed a Complaint brought pursuant to 42 U.S.C. § 1983. (Doc. 1) He is proceeding *pro se* and *in forma pauperis*. On June 23, 2015, Defendant filed a pre-answer Motion to Dismiss. (Doc. 22.) Defendant has moved to stay discovery in this case until that Motion is resolved.[2]

---

[1] To be clear, the Court does not give Plaintiff leave to file additional out of time responses to the Motion to Dismiss. However, the Court will consider the Response that has already been filed as timely.

[2] In his Objection to Defendant's Motion to Stay Discovery, Plaintiff asserts that "any time [he] leave[s] prison grounds [his] personal property will be left in the custody of the Defendant" and that "at any giv[en] time he is subject to a 'search' of his property from his vision by the Defendant['s] co-workers."

With regard to the timing of discovery, the Court of Appeals for the Eleventh Circuit has recognized that

> [i]f the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. For these reasons, any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.

Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1368 (11th Cir. 1997) (footnotes omitted). For these reasons, this Court, and other courts within the Eleventh Circuit, routinely find good cause to stay the discovery period where there is a pending motion to dismiss. See, e.g., Habib v. Bank of Am. Corp., No. 1:10-cv-04079-SCJ-RGV, 2011 WL 2580971, at *6 n.4 (N.D. Ga. Mar. 15, 2011) (citing Chudasama, 123 F.3d at 1368) ("[T]here is good cause to stay discovery obligations until the District Judge rules on [the defendant's] motion to dismiss to avoid undue expense to both parties."); Berry v. Canady, No. 2:09-cv-765-FtM-29SPC, 2011 WL 806230, at *1 (M.D. Fla. Mar. 2, 2011) (quoting Moore v. Potter, 141 F. App'x 803, 807 (11th Cir. 2005)) ("[N]either the parties nor the court have any need for discovery before the court rules on the motion [to dismiss].").

In the case at hand, the Court finds that good cause exists to stay this case until such time as a ruling is made on Defendant Martin's Motion and that no prejudice will accrue to the parties if Defendant's request is granted. Specifically, a ruling on Defendant's Motion to Dismiss before the commencement of discovery may save the parties time and resources by clarifying what issues, if any, the parties will need to address in discovery.

---

(Doc. 27, p. 2.) Plaintiff then reasserts his claims for relief under Section 1983. Plaintiff's Objection is unresponsive to Defendant's Motion and, therefore, overruled.

THEREFORE, IT IS HEREBY ORDERED that all proceedings, including discovery, are stayed pending a ruling by the Court on Defendant's Motion to Dismiss, at which time a discovery schedule will be entered as to any claims that may remain.

**SO ORDERED**, this 31st day of March, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA