# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

ERIC WILLIAMS,

    Plaintiff,

v.

KATHY MARTIN,

    Defendant.

CIVIL ACTION NO.: 6:15-cv-32

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently housed at Telfair State Prison in Helena, Georgia, submitted a Complaint in the above-captioned action pursuant to 42 U.S.C. § 1983, contesting certain conditions of his confinement while housed at Smith State Prison in Glennville, Georgia. (Doc. 1.) Defendant Kathy Martin ("Defendant") filed a Motion to Dismiss. (Doc. 22.) Plaintiff filed a Brief in Opposition to Defendant's Motion to Dismiss. (Doc. 26.) For the reasons which follow, I **RECOMMEND** that the Court **DISMISS** this action on grounds of *res judicata* and **DENY** Plaintiff leave to appeal *in forma pauperis*. Because the Court need not reach the arguments in Defendant's Motion to Dismiss, (doc. 22), the Court should **DISMISS** that Motion as moot.

## BACKGROUND[1]

Plaintiff filed this action against Defendant, a correctional officer at Smith State Prison, in her individual capacity. (Doc. 1, p. 3.) Defendant is the classification officer at the prison and is responsible for moving prisoners from one portion of the prison to the other. (Id.) On July 2,

---

[1] The Court takes the below recited facts from Plaintiff's Complaint and accepts them as true, as it must be at this stage.

2013, Defendant came to Plaintiff's cell and informed him that he was being moved to the G-2 dormitory. (Id. at p. 3.) Plaintiff then told Defendant that he had "major problems" in the G-2 dormitory and that he did not want to be placed inside that dormitory. (Id.) Plaintiff specified that a group of unknown inmates in the G-2 dormitory ambushed and stabbed him during his previous stay in that dormitory. (Id. at pp. 2–3.) Plaintiff told Defendant that he feared for his life in the G-2 dormitory because of the prior attack and that he would move to any other dormitory. (Id.) Defendant responded, "I don't care, that is not my problem." (Id. at p. 4.) She then radioed for other officers to force Plaintiff to comply with her directive to move. (Id.) Feeling that he had no choice, Plaintiff followed Defendant's instructions and moved to the G-2 dormitory. (Id.) As soon as Plaintiff entered the G-2 dormitory he was, yet again, attacked by several unknown inmates. (Id.) He was punched, kicked, and stabbed several times. (Id.) His injuries required treatment at a local hospital. (Id. at p. 5.)

## STANDARD OF REVIEW

Under a Rule 12(b)(6) motion to dismiss, a court must "accept[ ] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff." Belanger v. Salvation Army, 556 F.3d 1153, 1155 (11th Cir. 2009). "A complaint must state a facially plausible claim for relief, and '[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" does not suffice. Ashcroft, 556 U.S. at 678.

"The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal punctuation and citation omitted). While a court must accept all factual allegations in a complaint as true, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. Id.

## DISCUSSION

Plaintiff's Complaint presents a procedural bar to this litigation, which the undersigned now addresses.

### I. Plaintiff's Complaint is Barred by *Res Judicata*

Plaintiff's Complaint in this case is due to be dismissed because it is barred by *res judicata*, (often called claim preclusion), principles.[2] "*Res judicata* will bar a later action if the following requirements are met: (1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) the parties were identical in both suits; and (4) the prior and present causes of action are the same." Harmon v. Webster, 263 F. App'x 844, 845 (11th Cir. 2008) (citing Jang v. United Tech. Corp., 206 F.3d 1147, 1149 (11th Cir. 2000)).

---

[2] Though Defendant did not directly raise the doctrine of *res judicata* in her Motion to Dismiss, the Court may raise this issue *sua sponte* and dismiss Plaintiff's Complaint on that basis. See Shurick v. Boeing Co., 623 F.3d 1114, 1116 n.2 (11th Cir. 2010) ("Although Federal Rule of Civil Procedure 8(c) classifies claim preclusion as an affirmative defense, '[d]ismissal by the court *sua sponte* on res judicata grounds . . . is permissible in the interest of judicial economy where both actions were brought before the same court.'" (citing Boone v. Kurtz, 617 F.2d 435, 436 (5th Cir. 1980)). Here, Plaintiff filed both actions in the United States District Court for the Southern District of Georgia. Therefore, this Court may *sua sponte* dismiss Plaintiff's action, which raises the same claims as presented in Case Number 6:14-cv-11.

Plaintiff filed a prior cause of action pursuant to Section 1983 in this Court on February 10, 2014, Williams v. Williams, et al., Case No. 614-cv-11. In his Complaint, Plaintiff contended that a group of inmates stabbed him immediately after he was assigned to the G-2 dormitory and that he nearly died as a result. Plaintiff contended that unidentified inmates also stabbed him in that same dormitory approximately a year before the second stabbing, and that Defendants Williams, Deal, Smokes, and Martin knew, based on the first stabbing, that he should not be placed in that dormitory. Plaintiff specifically contended that Defendant Martin threatened to give him a disciplinary report if he did not go into the dorm, despite the fact that Plaintiff told Defendant Martin he had "problems in that dorm[.]" According to Plaintiff, Defendant Martin told him she did not care. Compl., Williams v. Williams, et al., 6:14-cv-11 (S.D. Ga. Feb. 10, 2014), ECF No. 1.

The Magistrate Judge, after setting forth the applicable law for Plaintiff's deliberate indifference claims against Defendants Williams, Deal, Smokes, and Martin, recommended that the Court dismiss Plaintiff's Complaint for failure to state a claim because Plaintiff failed to allege any facts indicating Defendants were aware of a substantial risk of serious harm to Plaintiff in the G-2 dormitory. R & R, Williams v. Williams, et al., 6:14-cv-11 (S.D. Ga. Aug. 20, 2014), ECF No. 25. The Magistrate Judge's Report and Recommendation was adopted as the opinion of the Court, and the Court dismissed Plaintiff's Complaint for failure to state a claim. Order, Williams v. Williams, et al., 6:14-cv-11 (S.D. Ga. Oct. 6, 2014), ECF No. 35. The Court entered Judgment closing the case on October 6, 2014. J., Williams v. Williams, et al., 6:14-cv-11 (S.D. Ga. Oct. 6, 2014), ECF No. 36.

This Court, a court of competent jurisdiction, dismissed Case Number 6:14-cv-11 because Plaintiff failed to state a claim upon which relief may be granted pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(ii). That dismissal was a final judgment on the merits. Harmon, 263 F. App'x at 845; see also NAACP v. Hunt, 891 F.2d 1555, 1560 (11th Cir. 1990) ("[U]nless the court specifies otherwise, dismissal on the grounds that the facts and law show no right to relief operates as an adjudication on the merits."); Bierman v. Tampa Elec. Co., 604 F.2d 929, 930–31 (5th Cir. 1979) (where district court dismissed action *sua sponte* for failure to prosecute, and did not specify whether dismissal was with or without prejudice, dismissal acted as adjudication on merits, such that *res judicata* barred subsequent action presenting same claim); Hall v. Tower Land & Investment Co., 512 F.2d 481, 483 (5th Cir. 1975) (where district judge dismissed first action for failure to state a claim on which relief can be granted, but did not indicate whether dismissal order was "with prejudice" or "without prejudice," that order "operates as an adjudication on the merits" for *res judicata* purposes). Furthermore, both the Plaintiff and the named Defendant in this case are the same parties as those named in Case Number 6:14-cv-11.[3] Finally, the two causes of action are the same, as the allegations contained in Plaintiff's Complaint in this case are virtually identical to the allegations he made in his complaint in Case Number 6:14-cv-11. As all of the requirements for *res judicata* have been met, Plaintiff's claim is barred, and the Court should, therefore, **DISMISS** his Complaint.

## II. Leave to Proceed *in Forma Pauperis* on Appeal

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has, of course, not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

---

[3] Although Plaintiff named three additional Defendants in his first cause of action, the Court's analysis of this factor remains the same.

5

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint and **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal and to **CLOSE** this case. I further **RECOMMEND** that the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal. Because principles of *res judicata* bar this action, the Court need not reach the arguments in Defendant's Motion to Dismiss, (doc. 22). Thus, the Court should **DISMISS** that Motion as moot.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and

Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 2nd day of December, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA